IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN IRVING, | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 17-1124 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                                                                                              October 4, 2017

**I.    INTRODUCTION**

Plaintiff, Kevin Young, brings this action against Defendant, State Farm Mutual Automobile Insurance Company, his automobile insurer, alleging breach of contract in Count I and bad faith in Count II of the Complaint. (Doc. No. 1 at 3.) Defendant now moves to dismiss the bad faith claim (Count II). (Doc. No. 5 at 2.) Before the Court is Defendant's Motion to Dismiss. (Id.)

**II.    BACKGROUND**

On November 1, 2014 at 11:30 a.m., Plaintiff was driving his car at or near the intersection of Second Street and Green Street in Bridgeport, Pennsylvania. (Doc. No. 1 ¶ 9.) At that time, Laura Julian, operating a motor vehicle owned by Ramiro Mendez, disregarded a stop sign and collided with Plaintiff's vehicle. (Id. ¶ 10.) Plaintiff sustained serious and permanent injuries to his cervical, thoracic, and lumbosacral spine. (Id. ¶ 11.) At the time of the accident, Plaintiff's insurance policy with Defendant provided for $100,000 per person in underinsured motorist benefits, which are benefits that protect persons who are in an accident with an at-fault

1

driver whose liability limits are too low to cover the damage or medical expenses incurred. (Id. ¶ 7.)

On July 12, 2016, Plaintiff entered into a Settlement Agreement and General Release of All Claims with Julian and Mendez in the amount of $15,000.[1] (Id. ¶ 13.) Thereafter, Plaintiff filed a claim with Defendant for underinsured motorist benefits. (Doc. No. 5 ¶ 3.) Defendant offered Plaintiff a total of $500, denying the full value of Plaintiff's claim. (Doc. No. 1 ¶¶ 16, 24.) This action ensued.

In the Complaint, Plaintiff contends that Defendant's conduct constituted bad faith in the following ways:

> 20. Defendant has and continues to engage in bad faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to the evaluation of his covered loss in violation of 42 Pa. C.S.A. § 8371.
>
> 21. Defendant has failed to advance any reason and has no supporting evidence for the denial of the full value of Plaintiff's claim.
>
> 22. Defendant has intentionally and/or recklessly disregarded Plaintiff's significant injuries as stated in his medical records and the value of Plaintiff's claim.
>
> 23. In furtherance of its bad faith, wrongful denial and refusal to pay Plaintiff's benefits for the loss covered under the Policy, Defendant, acting by and through its duly authorized agents, servants, representatives, subcontractors, adjusters, and employees failed to:
>
>> a. conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of Plaintiff's claim;
>>
>> b. evaluate Plaintiff's claim fairly;
>>
>> c. evaluate Plaintiff's claim honestly, intelligently, and objectively in light of all the available information;

---

[1] This litigation appears to be the reason for the lack of events between November 2014 and July 2016.

d. attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim;

e. act promptly and reasonably in settling the claim;

f. make a reasonable offer of settlement;

g. provide a reasonable explanation for its settlement offers and failure to tender the policy limits;

h. assign experienced staff to assess Plaintiff's claim;

i. provide full coverage of Plaintiff's claim;

j. consider all factors bearing on settlement;

k. evaluate Plaintiffs medical records; and

l. give Plaintiff's interests the same consideration as its own.

(Doc. No. 1 ¶¶ 20-23.)

On March 30, 2017, Defendant filed a Motion to Dismiss Plaintiff's allegations of bad faith in Count II pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 5.) On April 4, 2017, Plaintiff filed a Response. (Doc. No. 6.) On April 10, 2017, Defendant filed a Reply. (Doc. No. 7.) The Motion is now ripe for disposition.

### III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit should conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. ANALYSIS

Plaintiff claims that Defendant acted in bad faith in its handling of Plaintiff's underinsured motorist benefits claim. Defendant argues to the contrary that Plaintiff's bad faith claim is supported entirely by conclusory allegations. Specifically, Defendant submits that Plaintiff's claim "enumerates vague and conclusory failures, actions and/or refusals State Farm allegedly made to Plaintiff during the course of its handling of the [underinsured motorist benefits] claim." Defendant further argues that the Complaint "provides absolutely no facts or documentation of any kind to support the allegations of bad faith against State Farm." (Doc. No. 5 ¶¶ 7-8.)

Pennsylvania has a bad faith statute. 42 Pa. Cons. Stat. § 8371 (2014). The statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insured.
>
> (3) Assess court costs and attorney fees against the insurer.

Id. The Third Circuit has defined bad faith on the part of the insurer as

> any frivolous or unfounded refusal to pay proceeds of a policy [that need not] be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1984)).

5

To succeed on a bad faith claim, a plaintiff must show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)); see also Rancosky v. Wash. Nat'l Ins. Co., __ A.3d __, 2017 WL 4296351, at *1 (Pa. Sept. 28, 2017) (adopting the two-pronged test above and holding that self-interest or ill will "is not a prerequisite to prevailing in a bad faith claim under Section 8371"). The insured must meet its burden of proving bad faith by clear and convincing evidence. Nw. Mut. Life Ins. Co., 430 F.3d at 137. As noted, mere negligence is not bad faith. Id.

Viewing the facts in the light most favorable to Plaintiff, and separating the factual and legal conclusions as instructed by Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), the facts show that Plaintiff was in a motor vehicle accident, he filed an underinsured motorist benefits claim with Defendant, and the parties have been unable to agree on or otherwise negotiate the value of Plaintiff's claim. These facts do not show that Plaintiff has a plausible claim for bad faith because they do not shed light on the reasonableness of Defendant's actions. Therefore, they fail to meet the required showing "that the insurer lacked a reasonable basis for denying benefits; and . . . that the insurer knew or recklessly disregarded its lack of reasonable basis." Verdetto, 837 F. Supp. 2d at 484 (quoting Klinger, 115 F.3d at 233).

Plaintiff's twelve allegations enumerated above are purely conclusory legal statements, and are not factual allegations sufficient to make out a claim for bad faith. These allegations are similar to ones that district courts in the Third Circuit have found insufficient to state a claim of bad faith. See Yohn v. Nationwide Ins. Co., 2013 WL 2470963 (M.D. Pa. Jun. 7, 2013) (dismissing a similar list of legal conclusions); Clark v. Progressive Advanced Ins. Co., No. 12-

6

6174, 2013 WL 1787566, at *1 (E.D. Pa. Apr. 26, 2013) (same); Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591 (E.D. Pa. 2010) (same).  Therefore, Plaintiff's claim for bad faith (Count II) will be dismissed.

## V.     AMENDMENT OF THE COMPLAINT

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend . . . , unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (emphasis omitted).  Although Plaintiff does not request leave to file an Amended Complaint, leave is warranted in this case.  Accordingly, Plaintiff will be given twenty (20) days in which to file an Amended Complaint properly setting forth a sufficient factual basis for his bad faith claim against Defendant.

## VI.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 5) will be granted.  The bad faith claim (Count II) against Defendant will be dismissed.  An appropriate Order follows.