IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN IRVING,<br><br>        Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>        Defendant. | CIVIL ACTION<br>NO. 17-1124 |

## OPINION

Slomsky, J.                                                                                                                                                                  January 29, 2018

### I.    INTRODUCTION

Plaintiff, Kevin Irving, brings this action against Defendant State Farm Mutual Automobile Insurance Company, his automobile insurer, alleging breach of contract in Count I and bad faith in Count II of the Amended Complaint. (Doc. No. 12 at 3.) Defendant moves to dismiss the bad faith claim (Count II). (Doc. No. 13 at 2.) Before the Court is Defendant's Motion to Dismiss. (Id.)

### II.    BACKGROUND

On November 1, 2014 at 11:30 a.m., Plaintiff was driving his car at or near the intersection of Second Street and Green Street in Bridgeport, Pennsylvania. (Doc. No. 12 ¶ 9.) At that time, Laura Julian, operating a motor vehicle owned by Ramiro Mendez, disregarded a stop sign and collided with Plaintiff's vehicle. (Id. ¶ 10.) Plaintiff sustained serious and permanent injuries to his cervical, thoracic, and lumbosacral spine. (Id. ¶ 11.) At the time of the accident, Plaintiff's insurance policy with Defendant provided for $100,000 per person in underinsured motorist ("UIM") benefits, which are benefits that protect persons who are in an

1

accident with an at-fault driver whose liability limits are too low to cover the damage or medical expenses incurred. (Id. ¶ 7.)

On July 12, 2016, Plaintiff entered into a Settlement Agreement and General Release of All Claims with Julian and Mendez in the amount of $15,000.[1] (Id. ¶ 13.) Thereafter, Plaintiff filed a claim with Defendant for UIM benefits. (Doc. No. 5 ¶ 3.) Defendant offered Plaintiff a total of $500 for the UIM claim. (Doc. No. 12 ¶¶ 16, 24.) This action ensued.

In the Amended Complaint, Plaintiff contends that Defendant's conduct constituted bad faith in the following ways:

> 20. Defendant has and continues to engage in bad faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to the evaluation of his covered loss in violation of 42 Pa. C.S.A. § 8371.
>
> 21. Defendant has failed to advance any reason and has no supporting evidence for the denial of the full value of Plaintiff's claim.
>
> 22. Defendant has intentionally and/or recklessly disregarded Plaintiff's significant injuries as stated in his medical records and the value of Plaintiff's claim.
>
> 23. In furtherance of its bad faith, wrongful denial and refusal to pay Plaintiff's benefits for the loss covered under the Policy, Defendant, acting by and through its duly authorized agents, servants, representatives, subcontractors, adjusters, and employees failed to:
>
>> a. Defendant did not request a written statement from plaintiff;
>>
>> b. Defendant never requested a statement under oath;
>>
>> c. Defendant never requested a medical examination;
>>
>> d. Defendant did not request authorizations from plaintiff to secure any medical records;
>>
>> e. Defendant did not have a medical expert review plaintiff's MRI;

---

[1] This litigation appears to be the reason for the lack of events between November 1, 2014, the date of the accident, and July 12, 2016, the date of the settlement agreement.

    f. Defendant did not have Plaintiff's medical records reviewed or evaluated;

    g. Defendant did not put its aforementioned offer in writing;

    h. Defendant made no reference to any record or diagnostic firm review in making its offer;

    i. Defendant offered no explanation of its offer;

    j. Defendant did not request current records of plaintiff's treatment even though he was actively treating at the time of the oral offer; and

    k. Defendant assigned an inexperienced and/or inadequately experienced adjuster to plaintiff's claim.

24. Defendant's denial of providing full coverage for Plaintiff's claim is unsupported by factual evidence.

25. Defendant's refusal to pay the full value of Plaintiff's claim was with full knowledge of the lack of reasonable basis for denying benefits under the Policy or with reckless indifference and disregard of whether there was a reasonable basis for denying a covered loss under the Policy.

(Id. ¶¶ 20-25.)

By Opinion and Order dated October 4, 2017, this Court granted Defendant's first Motion to Dismiss Plaintiff's Allegations of Bad Faith and gave Plaintiff leave to amend his Complaint. (Doc. Nos. 10-11.) Plaintiff filed an Amended Complaint six days later on October 10, 2017. (Doc. No. 12.)

On October 27, 2017, Defendant filed a Motion to Dismiss Plaintiff's Allegations of Bad Faith from Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6). (Doc. No. 13.) On November 6, 2017, Plaintiff filed a Response in Opposition. (Doc. No. 14.) On November 10, 2017, Defendant filed a Reply. (Doc. No. 15.) The Motion (Doc. No. 13) is now ripe for disposition.

## III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit should conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV.  ANALYSIS

Plaintiff claims that Defendant acted in bad faith in its handling of Plaintiff's UIM claim. Defendant argues that Plaintiff's bad faith claim should be dismissed because "Plaintiff failed to provide any specific facts to support his allegations that [any of the specific acts listed in paragraph 23 of the Amended Complaint was] necessary to evaluate his UIM claim." (Doc. No. 4 ¶ 17.) Plaintiff responds that Defendant essentially did nothing to evaluate Plaintiff's underinsured motorist benefits claim because those enumerated acts in paragraph 23 constitute "all of the means by which a meaningful investigation of such a claim is accomplished and . . . Defendant failed to utilize any of them." (Doc. No. 14 at 7.) Plaintiff further argues that Defendant did not have adequate information to make its decision. (Id.)

Pennsylvania has a bad faith statute. 42 Pa. Cons. Stat. § 8371 (2014). The statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insured.

(3) Assess court costs and attorney fees against the insurer.

Id.  The Third Circuit has defined bad faith on the part of the insurer as

> any frivolous or unfounded refusal to pay proceeds of a policy [that need not] be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1984)).

To succeed on a bad faith claim, a plaintiff must show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis."  Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)); see also Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017) (adopting the two-pronged test above and holding that self-interest or ill will "is not a prerequisite to prevailing in a bad faith claim under Section 8371").  The insured must meet its burden of proving bad faith by clear and convincing evidence.  Nw. Mut. Life Ins. Co., 430 F.3d at 137.  As noted, mere negligence is not bad faith.  Id.

Plaintiff amended his bad faith claim by adding the allegations in paragraphs 23 to 25. Viewing them in the light most favorable to the Plaintiff, they contain at the Motion to Dismiss stage plausible allegations to support a bad faith claim under the Pennsylvania Statute.  With respect to the first element, that the insurer lacked a reasonable basis for denying benefits, Plaintiff has alleged, inter alia, that Defendant did not request a written statement or statement under oath from Plaintiff, or a medical examination, and that it did not have Plaintiff's medical

6

records reviewed or evaluated (Doc. No. 12 ¶ 13(a)-(c), (f).) With respect to the second element, that the insurer knew or recklessly disregarded its lack of reasonable basis, Plaintiff has alleged that Defendant's denial of full coverage for Plaintiff's claim is unsupported by factual evidence; Defendant did not have Plaintiff's medical records reviewed or evaluated; it made no request for current records of Plaintiff's treatment; it did not reference any record or diagnostic firm review in making its offer; and it did not offer any explanation of its offer. (Id. ¶¶ 23(f), (h)-(j); 24.) These allegations are factually sufficient to allege a bad faith claim under Pennsylvania law.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Allegations of Bad Faith from Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. No. 13) will be denied. An appropriate Order follows.